IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:10-CV-33-FL

| | |
|---|---|
| CHERYL L. BASNIGHT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ORDER ) |
| JOHN E. POTTER, | ) ) |
| Defendant. | ) ) |

This matter comes before the court on defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (DE # 10). Plaintiff has filed a "motion to request denial of [the] motion to dismiss" (DE # 15), which the court construes as a response in opposition. In this posture, the issues raised are ripe for adjudication. For the reasons that follow, defendant's motion to dismiss is granted.

## BACKGROUND

Plaintiff commenced this action by filing complaint with this court on August 5, 2010. Plaintiff, who is currently employed by the United States Postal Service, alleges that her employer discriminated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., when it attempted to rescind her annual leave, required her to take leave without pay, and threatened to terminate her employment on trumped up charges of fraud. According to plaintiff's complaint, the alleged discrimination occurred on or about December 15,

2004, she filed charges with the Equal Employment Opportunity Commission ("EEOC") in 2004 and again in 2007, and received a Notice-of-Right-to-Sue Letter in 2008.

On February 25, 2011, defendant moved to dismiss this action pursuant to Rule 12(b)(6), arguing that the statute of limitations has long since run on plaintiff's claims. Plaintiff, in her response in opposition filed March 17, 2011, argues that the statute of limitations has not run because she is simply re-filing an earlier timely action, Basnight v. Potter, No. 2:08-CV-27-F (E.D.N.C. filed July 3, 2008), that she contends was dismissed without prejudice.

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).[*] A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th

---

[*] Because the burden of establishing an affirmative defense rests on the defendant, "a motion to dismiss filed under [Rule] 12(b)(6) . . . generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc). However, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." Id. This case presents such rare circumstances, as the facts necessary to rule on defendant's statute of limitations defense were alleged by plaintiff in her complaint.

2

Cir. 2009). Nor will the court accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

B.  Discussion

Title VII provides in relevant part that "[i]f a charge filed with the [EEOC] . . . is dismissed by the [EEOC], . . . within ninety days after the giving of [the right-to-sue letter] a civil action may be brought against the respondent named in the charge . . . ." 42 U.S.C. § 2000e-5(f)(1); see, e.g., Taylor v. Potter, 355 F. Supp. 2d 817, 819 (M.D.N.C. 2005). In this case, plaintiff alleges that she received her right-to-sue letter in 2008. She did not file this action until August 5, 2010, which falls outside the 90-day window even if plaintiff received the right-to-sue letter on December 31, 2008, the last day of that year. As such, plaintiff's action plainly is not timely.

Plaintiff contends that her action is timely because a previous, timely action on the same facts was dismissed without prejudice. The case to which she refers was dismissed for failure to effectuate service as required by Rules 4(m) and 12(b)(5). See Basnight v. Potter, No. 2:08-CV-27-F, 2009 WL 1810776 (E.D.N.C. June 24, 2009). The court will assume that this dismissal was entered without prejudice, although the order does not say so. Nevertheless, plaintiff's action remains untimely. "'Without prejudice' does not mean 'without consequence.' If the case is dismissed and filed anew, the fresh suit must satisfy the statute of limitations." Powell v. Starwalt, 866 F.2d 964, 966 (7th Cir. 1989); see also Rice v. Jefferson Pilot Fin. Ins. Co., 578 F.3d 450, 457 (6th Cir. 2009) ("[A] dismissal of a suit without prejudice usually does not toll the statute of limitations."). Plaintiff's current action does not fall within the limitations period set by statute, and this action must be dismissed.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (DE # 10) is GRANTED. To the extent it seeks relief, plaintiff's "motion to request denial of [defendant's] motion to dismiss" (DE # 15) is itself DENIED. The Clerk of Court is directed to close this case.

SO ORDERED, this the 9th day of April, 2011.

LOUISE W. FLANAGAN
Chief United States District Court Judge